United States Courts
Southern District of Texas
FILED
APR 1 4 2005
Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN SPIEGELBERG, <br> d/b/a RED RAIDER OUTFITTER <br> Plaintiff, <br><br> v. <br><br> COLLEGIATE LICENSING COMPANY, <br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | H-05-1264 <br><br> CIVIL ACTION No. _____ <br> 5-05CV0276-C |

## ORIGINAL COMPLAINT

Plaintiff John Spiegelberg d/b/a Red Raider Outfitter (hereafter, "Plaintiff RRO"), by and through its attorney(s), files this Original Complaint against Defendant Collegiate Licensing Company (hereafter, "Defendant CLC"), and allege as follows:

### I.

### Parties

1. Plaintiff RRO is a sole proprietorship of John Spiegelberg, who is a U.S. citizen and resident of Lubbock, Texas. Both of Plaintiff RRO's places of business are in Lubbock, Texas, and its principal place of business is 2416 Broadway, Lubbock, Texas 79401.

2. Defendant CLC, based on information and belief to be a Georgia corporation, has a principal place of business is 290 Interstate North Cir. SE Street, Atlanta, Georgia 30339.

## II.

### Jurisdiction and Venue

3. This action arises under the Jurisdiction is pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, for Non-Infringement, *inter alia*, of one or more trademarks owned by Texas Tech University, through the Lanham (Trademark) Act, 15 U.S.C. §§ 1114 *et seq.*, and further through 28 U.S.C. §§ 1331, 1367.

4. Venue is proper under 28 U.S.C. §§ 1391 (b), (c) and/or 28 U.S.C. § 1392 because Defendant CLC, a corporation, resides in this judicial district because it is subject to personal jurisdiction of this judicial district's courts, is found in this judicial district, and/or involves property located in different judicial districts within Texas.

## III.

### Facts and Allegations Common to All Counts

5. Defendant CLC is an authorized agent for Texas Tech University ("TTU") in regards to licensing, protecting, and enforcing TTU's marks.

6. Based on information and belief, as well as Defendant CLC's website (www.clc.com), in this judicial district, Defendant CLC is an authorized agent, in any respect, for the following schools: Rice University, Sam Houston State University, University of Houston, University of Texas – Brownsville, University of Texas – Pan American, University of Texas – UTHSC/Houston, and University of Texas Medical Branch at Galveston.

7. Based on information and belief, Defendant CLC is an authorized agent for Texas Tech University ("TTU") in regards to licensing, protecting, and enforcing TTU's marks used on goods and services associated with such marks and sold in this judicial district.

8. Based on information and belief, in this judicial district, Defendant CLC has conducted business for itself and/or as an agent for any of the schools named in paragraphs 5 and/or 6.

9. Based on information and belief, in this judicial district, Defendant CLC conducts business for itself and/or as an agent for any of the schools named in paragraphs 5 and/or 6.

10. In this judicial district, TTU offers distance learning courses to others via the World Wide Web and/or Internet as found at www.dce.ttu.edu.

11. In this judicial district, TTU mark and/or alleged marks are used on goods and services sold to others.

12. Defendant CLC has accused Plaintiff RRO of using federal and state marks of TTU in violation of state and federal laws.

13. Defendant CLC has accused Plaintiff RRO of using, without authorization, marks of TTU, wherein such use constitutes trademark infringement, unfair competition, and dilution.

14. A comic strip character named Red Ryder existed before TTU's use of the alleged RED RAIDER character mark, Reg. No. 2433675.

IV.

### Claims for Relief

### Count I – Declaratory Judgment for No Trademark Infringement

15. Re-alleging and incorporating by this reference paragraphs 1-14 for all of this Court I, an actual controversy exists between Defendant CLC and Plaintiff RRO as to non-infringement, under 15 U.S.C. § 1114, of TTU's alleged RED RAIDER character mark, Reg. No. 2433675, which is subject to a pending Petition for Cancellation before the Trademark Trial and Appeal Board. Defendant CLC has created a reasonable apprehension on the part of Plaintiff RRO that it will face an trademark infringement suit if Plaintiff RRO continues to make and sell it goods and/or services of which Defendant CLC complains by written letter to Plaintiff RRO.

16. Plaintiff RRO's goods and/or services do not infringe of TTU's alleged RED RAIDER character mark, Reg. No. 2433675, over which Defendant CLC exerts its alleged, authorized rights to license, protect and enforce on behalf of TTU. Plaintiff RRO seeks a declaratory judgment that its goods and services do not infringe TTU's alleged RED RAIDER character mark, Reg. No. 2433675.

17. Plaintiff RRO asserts that this is an exceptional case such that Defendant CLC should be required to pay Plaintiff RRO's reasonable attorney fees and costs in accordance with 15 U.S.C. § 1117.

## Count II – Declaratory Judgment for No Federal and State Unfair Competition

18. Re-alleging and incorporating by this reference paragraphs 1-14 for all of this Court II, an actual controversy exists between Defendant CLC and Plaintiff RRO as to federal unfair competition, *i.e.*, 15 U.S.C. § 1125 (a)(1), and similarly under state law, if existing, of TTU's alleged RED RAIDER character mark, Reg. No. 2433675, which is subject to a pending Petition for Cancellation before the Trademark Trial and Appeal Board. Defendant CLC has created a reasonable apprehension on the part of Plaintiff RRO that it will face a federal and state unfair competition suit based on false licensing, sponsorship, or authorization if Plaintiff RRO continues to make and sell it goods and/or services of which Defendant CLC complains by written letter to Plaintiff RRO.

19. Plaintiff RRO's goods and/or services do not unfairly compete in regards to TTU's alleged RED RAIDER character mark, Reg. No. 2433675, over which Defendant CLC exerts its alleged, authorized rights to license, protect and enforce on behalf of TTU. Plaintiff RRO seeks a declaratory judgment that its goods and services do not unfairly compete under federal and state law in regards to this alleged RED RAIDER character mark, Reg. No. 2433675.

20. Plaintiff RRO asserts that this is an exceptional case such that Defendant CLC should be required to pay Plaintiff RRO's reasonable attorney fees and costs in accordance with 15 U.S.C. § 1117.

## Count III – Declaratory Judgment for No Federal and State Dilution

21. Re-alleging and incorporating by this reference paragraphs 1-14 for all of this Court III, an actual controversy exists between Defendant CLC and Plaintiff RRO as to federal dilution, i.e, 15 U.S.C. § 1125 (c), and Texas anti-dilution, *i.e.*, Tex. Bus. & Com. Code § 16.29, of TTU's alleged RED RAIDER character mark, Reg. No. 2433675, which is subject to a pending Petition for Cancellation before the Trademark Trial and Appeal Board. Defendant CLC has created a reasonable apprehension on the part of Plaintiff RRO that it will face a dilution suit if Plaintiff RRO continues to make and sell it goods and/or services of which Defendant CLC complains by written letter to Plaintiff RRO.

22. Plaintiff RRO's goods and/or services do not dilute TTU's alleged RED RAIDER character mark, Reg. No. 2433675, over which Defendant CLC exerts its alleged, authorized rights to license, protect and enforce on behalf of TTU. Plaintiff RRO seeks a declaratory judgment that its goods and services do not constitute federal and state dilution in regards to this alleged RED RAIDER character mark, Reg. No. 2433675.

23. Plaintiff RRO asserts that this is an exceptional case such that Defendant CLC should be required to pay Plaintiff RRO's reasonable attorney fees and costs in accordance with 15 U.S.C. § 1117.

## VI.

### Prayer

Plaintiff RRO requests a judgment from the Court that includes:

I.  Plaintiff RRO's has not infringed TTU's alleged RED RAIDER character mark, Reg. No. 2433675;

II. Plaintiff RRO has not engaged in any unfair competition under federal and state law in regards to TTU's alleged RED RAIDER character mark, Reg. No. 2433675;

III. Plaintiff RRO has not diluted, under federal and state law, TTU's alleged RED RAIDER character mark, Reg. No. 2433675;

IV. An award of costs and any damages to Plaintiff RRO;

V.  A declaration of an exceptional case that requires Defendant CLC to pay Plaintiff RRO's reasonable attorney fees; and

VI. Additional relief, at law or equity, available to Plaintiff RRO that this Court deems just, reasonable and proper.

Respectfully submitted,

Dated: April 14, 2005                    By: _____
                                         Erik J. Osterrieder, *Attorney-in-Charge*
                                         Tex. Bar No.: 24013276
                                         S. D. Tex. No.: 24165
                                         Schubert Osterrieder & Nickelson PLLC
                                         6013 Cannon Mtn. Dr., S14
                                         Austin, Texas  78749
                                         (713) 533-0494
                                         (512) 301-7301 (fax)

# CIVIL COVER SHEET

JS 44 (Rev 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
John Spiegelberg d/b/a Red Raider Outfitter

**DEFENDANTS**
Collegiate Licensing Company

(b) County of Residence of First Listed Plaintiff: Lubbock Co., TX
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Fulton Co., GA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

United States District Court
Southern District of Texas
FILED APR 14 2005
Michael N. Milby, Clerk of Court

H-05-1264

(c) Attorney's (Firm Name, Address, and Telephone Number)
Erik J. Osterrieder, Schubert Osterrieder & Nickelson PLLC,
6013 Cannon Mtn. Dr., S14, Austin, TX 78749   (713) 533-0494

Attorneys (If known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret Inc Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Lanham (Trademark) Act at 15 U.S.C. §§ 1114 et seq.

Brief description of cause:
Declaratory Judgment for non-infringement, no state/federal unfair competition, no state/federal dilution

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____
DOCKET NUMBER _____

DATE: 04/14/2005

SIGNATURE OF ATTORNEY OF RECORD: *Erik J. Osterrieder*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____