# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN SPIEGELBERG, d/b/a § | | |
| RED RAIDER OUTFITTER, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-05-1264 | |
| § | **5-05CV0276-C** | |
| THE COLLEGIATE LICENSING § | | |
| COMPANY, § | | |
| Defendant. § | | |

## MEMORANDUM AND ORDER

This is a trademark infringement case between plaintiff John Spiegelberg, d/b/a Red Raider Outfitter ("Plaintiff"), and defendant The Collegiate Licensing Company ("CLC") involving marks owned by nonparty Texas Tech University ("TTU"). CLC is the licensing agent for TTU. Plaintiff sues CLC for a declaratory judgment that Plaintiff has not infringed, unfairly competed with, or diluted TTU's trademarks.

This Court has before it CLC's Motion to Dismiss, Transfer, or Stay ("CLC's Motion") [Doc. # 14] seeking alternatively dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 19, dismissal for improper venue pursuant to 28 U.S.C. § 1406(a), transfer of venue pursuant to 28 U.S.C. § 1404(a), and/or a stay pending the outcome of related litigation in the United States District Court for the Northern District of Texas. Plaintiff filed a Response CLC's Motion ("Plaintiff's Response") [Doc. # 16],

CLC filed a Reply ("CLC's Reply") [Doc. # 19], and Plaintiff filed a Surresponse ("Plaintiff's Surresponse") [Doc. #21].

The Court has considered all of the parties' submissions and the applicable legal authorities. Because the Court finds that this case should proceed in Lubbock to better serve the interests of the parties, the witnesses, and the judicial system, the Court **grants** the motion to transfer venue pursuant to § 1404(a) and transfers this case to the Lubbock Division of the United States District Court for the Northern District of Texas.

## I. BACKGROUND

TTU is a state-funded institution of higher learning based in Lubbock, Texas. Plaintiff is a Lubbock-based private business that operates a retail store adjacent to TTU's campus. CLC is a Georgia corporation headquartered in Atlanta, Georgia that represents more than 190 universities, including TTU. CLC tries to protect and control TTU's logos through trademark licensing and related activities.

CLC sent a "cease and desist" letter to Plaintiff on April 1, 2005, complaining that Plaintiff sold unlicenced merchandise bearing trademarks owned by TTU. CLC, on the behalf of TTU, demanded that Plaintiff "immediately discontinue the production, sale, offering for sale and/or distribution of . . . apparel and non-apparel items that bear the Marks of the University."[1]

---

[1] Letter dated April 1, 2005, from CLC to Plaintiff, Exhibit A to Plaintiff's Response.

On April 14, 2005, Plaintiff filed this lawsuit in this Court against CLC seeking a declaratory judgment that Plaintiff has not infringed upon, unfairly competed with, or diluted TTU's trademarks. TTU later sued Plaintiff in the Lubbock Division of the United States District Court for the Northern District of Texas in *Texas Tech University v. John Spiegelberg, et al.*, No. 5:05-CV-192-C (N.D. Tex. filed Aug. 24, 2005) ("TTU's Lawsuit").[2] The parties agree that TTU's Lawsuit raises the same trademark issues that are implicated here – namely, whether Plaintiff's goods infringe TTU's trademarks. *See* CLC's Motion, at 2; Plaintiff's Response, at 17.

## II. SECTION 1404(a) MOTION TO TRANSFER VENUE

CLC contends the Lubbock Division is a more appropriate forum and moves to transfer this action for the convenience of the parties and witnesses, and in the interest of justice under 28 U.S.C. § 1404(a). CLC's Motion, at 14-17. For the reasons set forth below, the Court agrees and transfers this case to Lubbock.

### A. Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of this statute is to protect litigants,

---

[2] Plaintiff John Spiegelberg is the defendant in TTU's Lawsuit. United States District Judge Sam Cummings very recently issued an order denying Spiegelberg's motion to transfer TTU's Lawsuit to Houston. Order dated Nov. 15, 2005, in *Texas Tech University v. John Spiegelberg, et al.*, No. 5:05-CV-192-C (N.D. Tex. Nov. 15, 2005).

witnesses, and the public against unnecessary inconvenience and expense, and to avoid wasted time, energy, and money. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). "A motion to transfer venue is addressed to the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion." *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (citing *Marbury-Pattillo Constr. Co. v. Bayside Warehouse Co.*, 490 F.2d 155, 158 (5th Cir. 1974)).

The movant bears the burden of demonstrating a transfer of venue is warranted. *Brown v. Petroleum Helicopters, Inc.*, 347 F. Supp. 2d 370, 372 (S.D. Tex. 2004) (internal citations omitted); *Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1165 (S.D. Tex. 1994) (Crone, J.) (citing *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966)). Further, courts should not transfer a case "if the only practical effect is to shift inconvenience from the moving party to the nonmoving party." *Goodman Co., L.P. v. A & H Supply Co.*, -- F. Supp. 2d --, 2005 WL 2647961, at *9 (S.D. Tex. Oct. 17, 2005) (Rosenthal, J.) (internal citation omitted).

The threshold issue under § 1404(a) is whether the Plaintiff's claim could have been filed in the judicial district to which transfer is sought. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003)). If so, a court then examines "the convenience of the parties and witnesses." *Id.* "The determination of 'convenience' turns on a number of private and public interest factors, none of which are given dispositive weight." *Id.* (quoting *Action Indus., Inc. v.*

*U.S. Fidelity & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004)). The private interest factors include:

(1) the plaintiff's choice of forum;

(2) the convenience of parties and witnesses;

(3) the cost of attendance of witnesses and other trial expenses;

(4) the availability of compulsory process;

(5) the relative ease of access to sources of proof;

(6) the place of the alleged wrong; and

(7) the possibility of delay and prejudice.

*In re Volkswagen AG*, 371 F.3d at 203 (citing *Piper Aircraft v. Reyno*, 454 U.S. 235, 241 n.6 (1981)); *accord In re Horseshoe Entm't*, 337 F.3d at 433-34.

The public interest factors are:

(1) the administrative difficulties flowing from court congestion;

(2) the local interest in having localized interests decided at home;

(3) the familiarity of the forum with the law that will govern the case; and

(4) the avoidance of unnecessary conflict of law problems.

*In re Volkswagen AG*, 371 F.3d at 203.

### B. Threshold Consideration: Is Venue Proper in the Transferee District?

The first determination to be made here is whether venue for Plaintiff's claims is proper in the Northern District. *See In re Volkswagen*, 371 F.3d at 203. The parties do

not dispute that this case could have been brought in the Northern District of Texas. Plaintiff's alleged unlawful use of TTU's trademarks, such as Plaintiff's sale of items with TTU's marks, occurred in Lubbock. Plaintiff's principal, Spiegelberg, and his business are located there. Venue is therefore proper in the Lubbock Division of the Northern District of Texas as a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *See* 28 U.S.C. § 1391(a)(2).

### C. Analysis of the Private Interest Factors

Analysis of the private factors demonstrates that transfer of this case to Lubbock is warranted.

#### (1) Plaintiff's Choice of Forum

As a general rule, the Plaintiff's choice of forum is entitled to substantial deference. *Peteet*, 868 F.2d at 1436. However, because Houston lacks any legally relevant factual nexus with Plaintiff or the claims in this case, Plaintiff's choice of the Houston forum receives less deference. *See Martinez v. City of Fort Worth, Texas*, 2003 WL 21289654, at *2 (N.D. Tex. May 28, 2003) (Lynn, J.) (citing *Cooper v. Pied Piper Mills, Inc.*, 1998 WL 713270, at *1 (N.D. Tex. Oct. 5, 1998); *BJI Indus., Inc. v. Old Dominion Freight Line, Inc.*, 1997 WL 148035, at *2 (N.D. Tex. Mar. 25, 1997); *Greiner*

*v. Am. Motors Sales Corp.*, 645 F. Supp. 277, 279 (E.D. Tex. 1986); *Coons v. Am. Horse Show Assoc., Inc.*, 533 F. Supp. 398, 400 (S.D. Tex. 1982)).[3]

Here, the only connection Plaintiff has with the Southern District is the office of Plaintiff's *counsel*, which is located in the Southern District. However, the Fifth Circuit does not consider the "location of counsel" a relevant factor in deciding a § 1404(a) motion. *In re Horseshoe Entm't*, 337 F.3d at 434. Thus, although Plaintiff's choice of forum *per se* is entitled to some deference, this factor under the present circumstances weighs only slightly against transfer.[4]

### (2)  Convenience of Parties and Witnesses

The relative convenience to the witnesses is often recognized as the most important factor under § 1404(a). *E.g., LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993). "Moreover, it is the convenience of non-party witnesses, rather than that of party witnesses, that is the more important factor and is accorded greater weight in a transfer of venue analysis." *State Street Capital Corp. v. Dente*, 855 F. Supp. 192, 198 (S.D. Tex. 1994) (Crone, J.) (internal citations omitted).

---

[3]  *See also Henderson v. AT & T Corp.*, 918 F. Supp. 1059, 1068 (S.D. Tex. 1996); *Americas Ins. Co. v. Engicon, Inc.*, 894 F. Supp. 1068, 1075 (S.D. Tex. 1995); *Robertson v. Kiamichi Railroad Co.*, 42 F. Supp. 2d 651, 657 (E.D. Tex. 1999).

[4]  Plaintiff claims to sell goods over the Internet to customers in Houston and the Southern District of Texas. The evidence of records on this fact is insufficient to alter the Court's conclusion on this first factor. *See infra* at 9 n.6.

Lubbock is more convenient than Houston for the parties and the witnesses. CLC has identified two nonparty witnesses that reside in Lubbock: Paige Holland, TTU's Director of Special Products, Licensing, and Athletic Web Services, and Craig Wells, TTU's Associate Athletic Director. CLC's Reply, at 13. Plaintiff also inevitably will be a witness, and he resides in Lubbock. Because this case is local to Lubbock, other potential witnesses likely reside in or around Lubbock.

In contrast, the parties have not identified any witnesses who reside in Houston. CLC employs likely witnesses and is based in Atlanta. Both Lubbock and Houston are easily accessible by air for any Atlanta-based witnesses. Thus, the identified nonparty fact witnesses and Plaintiff reside in Lubbock; no identified witnesses reside in Houston. This factor strongly favors transfer.

### (3) Cost of Obtaining Attendance of Witnesses and Other Trial Expenses

TTU, the trademark owner, and Plaintiff, the alleged infringer, are located in Lubbock. If this case was transferred to the Lubbock Division of the Northern District, it undoubtedly would be less expensive to secure the appearance of the identified nonparty witnesses employed by TTU. Further, Plaintiff would save travel expenses if the case proceeded in Lubbock. CLC will incur travel expenses for its Atlanta-based

witnesses whether the litigation proceeds in Houston or Lubbock.[5] This factor favors transfer.

### (4) Availability of Compulsory Process

The parties have not identified any unwilling witnesses who would be subject to compulsory process in the Southern District, but not in the Northern District, or vice versa. This transfer factor is neutral.

### (5) Relative Ease of Access to Sources of Proof

Plaintiff's and TTU's business records are in Lubbock. CLC's records are in Atlanta. Plaintiff does not maintain that any of the evidence is located in Houston. This factor favors transfer.

### (6) Place of the Alleged Wrong

The place of the alleged wrong is one of the more important factors in venue determinations. *Lemery v. Ford Motor Co.*, 244 F. Supp. 2d 720, 732 (S.D. Tex. 2002) (citing *Henderson*, 918 F. Supp. at 1067). This is essentially a dispute over intellectual property rights – specifically, whether Plaintiff is infringing upon TTU's trademarks. The operative facts here are almost entirely local to Lubbock.[6] "Courts have observed that

---

[5] Plaintiff alleges that CLC will incur greater travel expenses if the case is transferred to Lubbock. However, the Court is not persuaded by this argument. CLC is the movant requesting transfer to Lubbock. Thus transfer will not shift the burden from the movant (CLC) to the nonmovant (Plaintiff). *See Goodman Co.*, 2005 WL 2647961, at *9. In fact, Lubbock, Plaintiff's residence, is a more convenient forum for Plaintiff.

[6] In addition to sales at its Lubbock retail store, Plaintiff alleges he regularly ships goods bearing the marks at issue to Houston and other cities via online orders from its Internet website. Declaration of Stephen Spiegelberg, Exhibit E to Plaintiff's Surresponse, ¶¶ 2-5.
(continued...)

'[i]ntellectual property infringement suits often focus on the activities of the alleged infringer, its employees, and its documents; therefore the location of the alleged infringer's principal place of business is often the critical and controlling consideration' in adjudicating transfer of venue motions." *Houston Trial Reports, Inc. v. LRP Publ'ns, Inc.*, 85 F. Supp. 2d 663, 668 (S.D. Tex. 1999) (Rosenthal, J.) (quoting *Habitat Wallpaper and Blinds, Inc. v. K.T. Scott Ltd. P'ship*, 807 F. Supp. 470 (N.D. Ill. 1992); *Anadigics, Inc. v. Raytheon Co.*, 903 F. Supp. 615 (S.D.N.Y. 1995)). That principle is applicable here. This case involves Plaintiff's alleged sale of merchandise bearing trademarks owned by TTU at Plaintiff's retail business, which is located in Lubbock. This factor strongly favors transfer.

### (7) Possibility of Delay and Prejudice

This factor only applies in "rare and special circumstances" and must be established by clear and convincing evidence. *In re Horseshoe Entm't*, 337 F.3d at 434. Neither party has suggested that a transfer to the Lubbock Division would result in a substantial delay in the resolution of this case. This factor is neutral as to transfer.

The bulk of the private factors thus favor transfer of this case to Lubbock or are neutral. The Court now turns to the public interest factors.

---

[6] (...continued)
However, Plaintiff has submitted no evidence about the quantity of online sales to customers located in the Southern District, nor any comparison between those sales and his sales to customers in the Northern District. The presence of online sales is thus neutral to the Court's determination.

### D. <u>Public Interest Factors</u>

#### (1) Administrative Difficulties from Court Congestion

The parties have not pointed to any material administrative difficulties flowing from court congestion in either the Lubbock Division or the Houston Division. This factor is neutral as to transfer.

#### (2) Local Interests

Plaintiff resides in Lubbock. TTU, the owner of the trademarks at issue here, also is located there. Lubbock has an interest in adjudicating the claims of its residents. Moreover, Lubbock has a strong interest in this case because the case arises out of events occurring in Lubbock. *See In re Volkswagen*, 371 F.3d at 206 (favoring the venue in which auto accident giving rise to the litigation occurred and where the entirety of witnesses could be located). This controversy is local to Lubbock. This factor strongly favors transfer.

#### (3) Familiarity With the Governing Law

This case involves the application of federal trademark law. Since the Houston and Lubbock Divisions are both federal district courts, this factor is neutral as to transfer.

#### (4) Avoidance of Unnecessary Conflict of Law Issues

There are no conflict of law concerns in this case. This factor is neutral as to transfer.

### E.    Conclusion on Section 1404(a) Motion to Transfer Venue

CLC has met its burden to show that the factors and circumstances substantially favor trial in Lubbock. That forum would better serve the interests of the parties, the witnesses, and the judicial system. The bulk of the venue factors favor or are neutral as to transfer. The only factor militating against transfer is Plaintiff's choice of Houston as its forum. But Plaintiff is a Lubbock resident and the location of its lawyer in Houston is not legally relevant. Plaintiff's choice thus receives less deference. *See, e.g., Martinez,* 2003 WL 21289654, at *2; *Henderson,* 918 F. Supp. at 1068. Accordingly, the Court will transfer this case to the Lubbock Division of the United States District Court for the Northern District of Texas.

### III.   SECTION 1406(a) MOTION TO DISMISS

CLC moves to dismiss this case pursuant to 28 U.S.C. § 1406(a) because venue is allegedly improper in the Southern District of Texas under 28 U.S.C. § 1391 and § 1392. CLC's Motion, at 9-14. Plaintiff maintains venue is proper under § 1391 but apparently concedes § 1392 is inapplicable. *See* Plaintiff's Response, at 6-8.

In civil actions not founded solely on diversity, venue is proper under § 1391(b)(1) in "a judicial district where any defendant resides, if all defendants reside in the same state." In a state with multiple judicial districts, a corporate defendant such as CLC is "deemed to reside in any judicial district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." *See*

28 U.S.C. § 1391(c). The gravamen of CLC's venue challenge is that CLC lacks sufficient contacts with the Southern District of Texas to subject it to personal jurisdiction if the Southern District was a separate state. CLC's Motion, at 10. The Court declines to address the merits of CLC's motion to dismiss for improper venue. Where venue is improper, a district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice under § 1406(a). *Caldwell v. Palmetto State Savs. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987). Even if the Court were to reach the merits of CLC's § 1406 dismissal motion and conclude that venue is improper in the Southern District, the Court would exercise its discretion to transfer the case to the Lubbock Division, rather than dismiss. Therefore, the Court denies CLC's motion to dismiss for improper venue.

### IV. MOTION TO STAY

CLC also moves in the alternative to stay this case pending the outcome of TTU's Lawsuit. CLC Motion, at 17-18. Because the Court is transferring this case to the Lubbock Division, the Court denies CLC's motion to stay.

### V. CONCLUSION AND ORDER

After carefully considering the appropriate factors, the Court finds that a Lubbock forum would better serve the interests of the parties, the witnesses, and the judicial system. Accordingly, the Court transfers this case and all pending motions to the Lubbock Division of the United States District Court for the Northern District of Texas.

CLC's motion to dismiss for improper venue and motion to stay are denied. All other pending motions are transferred along with this case to the Lubbock Division.[7] It is therefore

**ORDERED** that CLC's Motion to Dismiss, Transfer, or Stay [Doc. # 14] is **GRANTED IN PART AND DENIED IN PART**. It is further

**ORDERED** that this case and all pending motions be **TRANSFERRED** to the Lubbock Division of the United States District Court for the Northern District of Texas.

**SIGNED** at Houston, Texas, this **30th** day of **November 2005.**

Nancy F. Atlas
United States District Judge

TRUE COPY ATTEST: I CERTIFY
MICHAEL N. MILBY, CLERK
By_____ Deputy Clerk

---

[7] Also pending before the Court are Plaintiff's Motion for Leave to Add Defendant TTU and Amend Complaint and Plaintiff's Motion for Consolidation [Doc. # 16]. Also remaining pending is CLC's motion to dismiss pursuant to Federal Rule of Civil Procedure 19. This surviving motion to dismiss is contained in CLC's Motion to Dismiss, Transfer, or Stay [Doc. # 14].